**Exhibit D**



SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

+1 312 853 7621
JDUCAYET@SIDLEY.COM

May 5, 2025

**By Email**

Bencion Schlager
Goldfeder & Schlager, LLLP
3 Times Square
New York, NY 10036
ben@goldfederterry.com

      Re:    <u>Demand to Inspect Books and Records under 805 ILCS 5/7.75., setting forth certain corrective responses that certain letter dated January 27, 2025. from counsel, United Airlines</u>

Dear Mr. Schlager:

      We write on behalf of United Airlines Holdings, Inc. ("United" or the "Company"), in response to your April 24, 2025 letter ("Revised Letter" or "Letter"), which replaces your January 16, 2025 letter ("Original Letter") sent on behalf of National Center for Public Policy Research (the "Stockholder").

      As discussed below, any demand for books and records must be made under Delaware law, not Illinois law, and any actions to enforce such a demand must be pursued in the courts of the State of Delaware, not Illinois, pursuant to United's statutorily-authorized exclusive forum bylaw. Accordingly, the Revised Letter must be evaluated under Delaware law. It remains deficient.

**<u>Delaware Law Governs Any Demand to Inspect Books and Records of a Delaware Corporation</u>**

      The Revised Letter demands to inspect United's books and records under Section 7.75 of the Illinois Business Corporation Act (805 ILCS 5/7.75). However, United is a Delaware corporation. As a choice-of-law matter, the United States Supreme Court has emphasized that on issues relating to internal corporate affairs, the law of the state of incorporation controls. *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982) (noting that "the internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs."); *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 90 (1987) (the "free market system depends at its core upon the fact that a corporation—except in the rarest

# SIDLEY

Bencion Schlager
May 5, 2025
Page 2

situations—is organized under, and governed by, the law of a single jurisdiction, traditionally the corporate law of the State of its incorporation").

The internal affairs doctrine has Constitutional implications. Among other provisions, the Full Faith and Credit Clause "commands application of the internal affairs doctrine except in the *rare* circumstance where national policy is outweighed by a significant interest of the forum state in the corporation and its shareholders." *McDermott Inc. v. Lewis*, 531 A.3d 102, 218 (Del. 1987) (emphasis in original); *see also VantagePoint Venture P'rs 1996 v. Examen, Inc.*, 871 A.2d 1108, 1113 (Del. 2005) (applying doctrine to shareholder voting rights issue). As such, Illinois courts consistently follow this doctrine and apply Delaware law where the internal affairs of a Delaware corporation like United are at issue. *See, e.g., Newell Co. v. Petersen*, 758 N.E.2d 903, 922–25 (Ill. App. 2001) (under internal affairs doctrine, Delaware law applied to interpretation of shareholder voting agreement with Delaware corporation).

In *Juul Labs, Inc. v. Grove*, 238 A.3d 904, 918 (Del. Ch. 2020), the Delaware Court of Chancery confronted a nearly identical effort to circumvent Delaware law by a shareholder seeking to invoke the right to inspect books and records under California law. The Court canvassed the Constitutional and policy dimensions of the internal affairs doctrine and noted the differences between Delaware and California law regarding shareholder inspection rights. *Id.* at 918. As the Court explained, "[g]enerally speaking, the California inspection regime is not radically different from the Delaware regime, but it is not the same either." *Id*. The Court held that this was a clear reason to apply Delaware, not California law, because "[i]f other states could define the terms by which stockholder can inspect books and records, then a Delaware corporation could be subjected to different provisions and standards in jurisdictions around the country." *Id*. As such, the Court concluded that

> [u]nder constitutional principles outlined by the Supreme Court of the United States and under Delaware Supreme Court precedent, stockholder inspection rights are a matter of internal affairs. Grove's rights as a stockholder are governed by Delaware law, not by California law. Grove therefore cannot seek an inspection under [California law.]

*Id*.

The same is true here. The Revised Letter contends that Section 45 of the Illinois Business Corporation Act "can be applied to foreign corporations doing business in Illinois." But the text of the statute does not mention foreign corporations, and in fact the Business Corporation Act defines "corporation" to exclude foreign corporations. *See* 805 ILCS 5/7.75, 5/1.80. Nor does 805 ILCS 5/13.70 support the proposition that Section 45 can be applied to foreign corporations. That statute merely deals with authority of a foreign corporation to transact business and maintain a civil action in Illinois. And neither of the two cases cited, both over 50 years old, support

# SIDLEY

Bencion Schlager
May 5, 2025
Page 3

application of Section 45 here. Both predate the Supreme Court caselaw emphasizing the Constitutional dimensions of the internal affairs doctrine, *MITE Corp.*, 457 U.S. at 645; *CTS Corp.*, 481 U.S. at 90, as well as the more recent case law squarely applying the doctrine to shareholder books and records inspection demands, *Juul Labs*, 238 A.3d at 918.

The Revised Letter provides no legal basis for the proposition that the Stockholder is entitled to invoke Illinois law merely because the Delaware General Corporation Law has been amended in ways that the Stockholder apparently disagrees with. Indeed, as *Juul* makes clear, those differences are a reason to *apply* Delaware law, not to disregard it. 238 A.3d at 918. Any demand to inspect the books and records of United, a Delaware corporation, must be brought under Delaware law, not Illinois law.

### The Exclusive Forum Provision Precludes Suit in Illinois

The Revised Letter states an intention to "initiate litigation in Illinois" should United not provide the requested information. As the Letter acknowledges, however, United's bylaws contain an exclusive forum provision requiring stockholders to pursue their rights in a Delaware court with respect to the internal affairs of the Company. That provision is valid and enforceable and precludes litigation in Illinois.

The Delaware General Corporation Law unambiguously authorizes exclusive forum provisions such as the one here. *See* 8 Del. C. § 115 ("[T]he bylaws may require . . . that any or all internal corporate claims shall be brought solely and exclusively in any or all of the courts in this State . . . ."). And Delaware courts consistently uphold exclusive forum provisions as valid and enforceable. *Boilermakers Loc. 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 952–54 (Del. Ch. 2013); *Mack v. Rev Worldwide, Inc.*, No. CV 2019-0123-MTZ, 2020 WL 7774604, at *10 (Del. Ch. Dec. 30, 2020). So have Illinois courts. *See, e.g., Pettit v. HD Supply Holdings Inc.*, 2017 IL App (1st) 16-3213-U (dismissing action as barred by forum selection clause requiring an action involving the internal affairs of a Delaware corporation to be brought in Delaware).

The exclusive forum provision applies to this demand by its plain language: it states that Delaware courts "shall be the sole and exclusive forum for" a variety of actions, including "any action asserting a claim against the Corporation or any of its current or former Directors, officers or other employees governed by the internal affairs doctrine of the State of Delaware." Any claim along the lines described in the Revised Letter would plainly be such an action. *Juul Labs*, 238 A.3d at 918–19 (holding that an exclusive forum provision with essentially identical language applied to require a stockholder to bring an inspection demand in Delaware court). The Revised Letter provides no legitimate reason why United's bylaw would not apply.

# SIDLEY

Bencion Schlager
May 5, 2025
Page 4

**Under Delaware Law, the Revised Demand Letter Remains Deficient**

Like the Original Letter, the Revised Letter remains deficient under Delaware law, which, as discussed above, is the law applicable to this demand.

*First*, the Revised Letter still fails to allege a credible basis to suspect wrongdoing *by the Board*. The Original Letter conceded that "Stockholder is not, at this time, accusing the Board itself of engaging in bad faith fiduciary misconduct," and the Revised Letter does not alter that concession or allege any misconduct by the Board.

*Second*, the Letter points, again, to "public statements by union leaders and market comparisons to peer airlines," as examples of purported "ideological interference," which still do not bear on a credible basis to suspect wrongdoing at United.

*Third*, the Revised Letter reiterates an assertion about a decline in United's stock price, but still does not explain why a temporary decline should be attributed to the suspension of flights to Israel—which, again, reflect an immaterial proportion of United's bottom line.

*Fourth* and finally, the Revised Letter remains overbroad, particularly considering the recent revisions to Section 220 of the Delaware General Corporation Law. Even assuming that Stockholder could articulate a proper purpose for its demand, which it has not, it would be entitled only to the items enumerated in the definition of "books and records" in 8 Del. C. § 220(a)(1). Most of the records requested do not fall within that definition—for example, "[r]ecords of internal communications among management and directors regarding Tel Aviv route decisions, or communications with unions or federal agencies."

\* \* \*

For all of these reasons, the Revised Letter is defective, and no further response is required.

Very truly yours,

James W. Ducayet